# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHSETTS

| | |
|---|---|
| DALE VICTORY BREWER A/K/A DALE BREWER, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| ENHANCED RECOVERY COMPANY, LLC D/B/A ERC, | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Dale Victory Brewer a/k/a Dale Brewer, by and through her attorney, Thomas Faiella, Esquire, alleges as follows:

1. This is an action brought for violations of the federal Fair Debt Collection Practices Act as codified in 15 U.S.C. §1692 et al. and violations of Massachusetts General Laws, Chapter 93 § 49.

## VENUE AND JURISDICTION

2. This action is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this district because Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff is an adult female and resident of Stow, Massachusetts.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant, Enhanced Recovery Company, LLC. d/b/a ERC is a third party debt collector, claiming to specialize in "outsourcing and market research" and based in Jacksonville, Florida with an address listed at 8014 Barberry Road, Jacksonville, Florida, 32256.

7. Upon information and belief, Defendant does not maintain any offices in Massachusetts.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant regularly uses the mail, internet and telephone systems in conducting their business.

10. Upon information and belief, Defendant's principal business purpose is the collection of debts. Defendant regularly engages in aggressive debt collection practices on a nationwide basis in the recovery of alleged overdue consumer payment obligations alleged to be due to another.

11. Defendant is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

13. Plaintiff reserves the right to amend the Complaint should pertinent facts become known at a later time.

14. Plaintiff is an unsophisticated consumer.

15. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt obligation ("subject consumer debt") allegedly owed by Plaintiff.

16. Upon information and belief, the subject consumer debt stems from Plaintiff's purported default in connection with a Target retail store credit card, which was used for her personal use.

17. On or about November 11, 2020, Defendant sent Plaintiff a collection letter attempting to collect upon the subject consumer debt.

18. This collection letter was the first written communication Plaintiff received from Defendant.

19. Because this was the first collection letter Plaintiff received from Defendant, Defendant was required to identify, pursuant to 15 U.S.C. § 1692g(a)(2) "the name of the creditor to whom the debt is owed."

20. Defendant's collection letter provides the following information regarding the subject debt:

    **Creditor:**                TD Bank, USA, N.A.
    **Creditor Reference Number:** xxxxxxx3998
    **Balance:**                 $3,434.01
    **Reference of:**            Target Credit Card

21. The first sentence of Defendant's collection letter states, **"Our records indicate that your balance with TD Bank USA, N.A./Target Credit Card remains unpaid; therefore your account has been placed with ERC for collection efforts."**

22. The next paragraph in the letter states as follows, **"At this time you have a total outstanding balance of $3,434.01.  As interest accrues, or other Non-Interest Fees are assessed based on your agreement with TD Bank USA, N.A., TD Bank USA, N.A. may change your balance unless otherwise prohibited by law."**

23. The third paragraph then states, **"We understand you may be facing some financial challenges at this time and we are committed to providing a personal payment arrangement that fits your needs.  We may be able to reduce your interest rate or monthly payment required, please call us to discuss your options."**

24. Then the fourth sentence of the collection letter instructs Plaintiff to, **"Please make checks payable to Target Card Services, P.O. Box 660170 Dallas, TX 75266-0170."**

25. TD Bank, USA, N.A. is a subsidiary of TD Bank, N.A., whose headquarters are in Cherry Hill, New Jersey. TD Bank, N.A. is an American banking organization and is itself a subsidiary of Canadian multinational Toronto-Dominion Bank.

26. Target Card Services is a division of Target Corporation, the 8th largest retail organization in the United States, with headquarters in Minneapolis, Minnesota.

27. TD Bank, USA, N.A. does not own Target Card Services.

28. Plaintiff was confused as to whom the subject debt was owed, as the collection letter in the first four paragraphs says the debt is owed to both TD Bank USA, N.A. and Target Card Services, that TD Bank USA, N.A. is whom Plaintiff contracted with and is owed the balance of the debt, that TD Bank USA, N.A. can assess fees and change the account balance, that Defendant can reduce the interest rate and monthly payments, and that the payments are to made to Target Card Services.

29. By failing to clearly identify the creditor to whom the subject debt was owed, Plaintiff was confused as to if the Defendant's attempt to collect the subject debt was legitimate.

30. Plaintiff was confused and unsure as to who Defendant's "clients" were, or whether TD Bank USA, N.A. was an illusory "client" or whether the debt was owed to Defendants or to Target Card Services.

31. Defendant's collection letter leaves the least sophisticated consumer in doubt about to whom an alleged debt is owed and if Defendant's collection efforts are legitimate.

32. Defendant's failure to clearly identify the underlying true creditor in the collection letter, in addition to being confusing and misleading, is false, deceptive and in violation of the FDCPA.

33. The Defendant's collection letter deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

34. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure to clearly identify the creditor to whom a debt is owed deprived Plaintiff of being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

35. Defendant's actions, regardless of intent, were abusive, harassing, deceptive, unfair, misleading, harmful and inappropriate.

36. Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, undue stress, confusion and aggravation.

37. Plaintiff has suffered actual financial loss, including expending costs and assets in dealing with Defendant's conduct.

38. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and have further suffered a violation of their state and federally protected substantive interests as a result of Defendant's conduct.

### COUNT I – FDCPA

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

41. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent accounts, including consumer accounts and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

42. Defendant, as part of its regular business, engages in the collection or attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary aspect of its business.

43. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, 15 U.S.C. §1692e(2)(A) enumerates specific violations, such as: "The false representation of ….the character, amount, or legal status of any debt…", while 15 U.S.C. §1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

46. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), and 15 U.S.C. §1692e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the collection letter. Defendant's letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts.

47. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), 2(A) and in an amount to be determined at a trial by jury and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II – CHAPTER 93 § 49

48. Part I, Title XV, Chapter 93, Section 49 of the Massachusetts General Laws prohibits any creditor or assignee of a creditor, from using unfair, deceptive or any unreasonable manner to collect a debt from a natural person present or residing in Massachusetts, who has incurred a debt primarily for personal, family or household purposes.

49. The process used by the Defendant in its their relentless attempts to collect a debt is a prohibited, harassing, false and misleading, deceptive and unfair practice in violation of M.L.G. c. 93A.

50. All of Defendant's unfair and deceptive practices were willful and knowing within the meaning of M.L.G. c. 93A.

## COUNT III – DECLARATORY AND EQUITABLE RELIEF

51. Defendant regularly engages in willful and knowingly illegal, deceptive and unfair practices against consumers who are residents of Massachusetts.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Actual damages equal to any pecuniary loses of Plaintiff;

(3) Treble damages for violations of M.G.L. c. 93A;

(4) Attorneys' fees, litigation expenses and costs of suit;

(5) Compensatory, nominal and punitive damages;

(6) A declaration Defendants may not engage in illegal, deceptive and unfair debt collection tactics and practices as outlined by the FDCPA and Massachusetts Law;

(7) An injunction prohibiting Defendants from engaging in such collection tactics;

(8) Such other and further relief as appropriate.

## TRIAL BY JURY IS DEMANDED

Dated: January18, 2021                   Respectfully submitted,

s/ Lindsay A. Kyser_____ (Lead Attorney)
Lindsay A. Kyser, Esq. Mass. BBO # 690703
Recovery Law Group
90 Canal Street, 4th Floor
Boston, MA 02114
(603)724-0322
lindsay@recoverylawgroup.com

Recovery Law Group, APC
6167 Bristol Parkway, Suite 200
Culver City, CA 90230-6649
(310) 997-0471 (phone)
(866) 286-8433 (fax)
pmulcahy@recoverylawgroup.com